IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| RICHARD KEITH POE, )<br>#259297, )<br>             )<br>      Petitioner, )<br>             )<br>v.             )<br>             )<br>WARDEN, EVANS )<br>CORRECTIONAL INSTITUTION, )<br>             )<br>      Respondent. )<br>_____) | CIVIL ACTION NO. 9:14-2909-RMG-BM<br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

  Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on July 18, 2013.[1] Petitioner is a state prisoner housed at the Evans Correctional Institution.

  On December 5, 2014, the Respondent filed a return and motion for summary judgment to dismiss, without prejudice, based on Petitioner's failure to exhaust his administrative remedies. As the Petitioner is proceeding pro se, a Roseboro order was filed on December 8, 2014, advising Petitioner that he had thirty-four (34) days to file any material in opposition to the Respondent's motions. Petitioner was specifically advised in that order that if he failed to respond adequately, the motion for summary judgment and/or motion to dismiss may be granted, thereby ending his case.

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



Petitioner thereafter filed a motion to stay on December 17, 2014. This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner plead guilty in York County on June 4, 2013, to burglary, second degree, [Indictment No. 12-GS-46-3771[3]]; petit larceny [Indictment No. 12-46-3769]; and criminal conspiracy [Indictment No. 12-GS-46-3772]. See Respondent's Exhibits 1 and 2, pp. 1-51. Petitioner filed a pro se notice of appeal in the South Carolina Supreme Court on June 5, 2013. See Respondent's Exhibit 4. The South Carolina Supreme Court transferred the appeal to the Court of Appeals. After providing several opportunities to have certain deficiencies corrected, the appeal was dismissed on May 29, 2014, for failure to comply. See Respondent's Exhibit 4. A remittitur was issued on June 26, 2014. See Respondent's Exhibit 5.

On July 3, 2014, Petitioner filed an application for post-conviction relief ("PCR") which was denied and dismissed in an order filed on March 14, 2014. See Respondent's Exhibit 2, pp. 54-58, 175-183. PCR counsel filed a Notice of Appeal on Petitioner's behalf on March 30, 2014. See Respondent's Exhibit 8. It is uncontested by the parties that this appeal is still pending. See Respondent's Memorandum in Support of Summary Judgment, p. 4; see also Petitioner's Motion to Stay.

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment and a motion to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3] This indictment was apparently amended and Petitioner was re-indicted in the May 2013 term of the York County Grand Jury. See Respondent's Exhibit 11.



**Discussion**

In his pro se Petition for writ of habeas corpus filed in this United States District Court, Petitioner asserts that a statute is unconstitutional, as well as claims for insufficient indictment and lack of jurisdiction to accept plea. See Petition, with attached exhibits. While the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow for the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, the Respondent has moved, inter alia, to dismiss the Petition without prejudice pursuant to Rule 56, Fed.R.Civ.P., for failure of the Petitioner to exhaust his state court remedies before filing this Petition, and after careful review of the facts and record presented, the undersigned is constrained to agree that the Respondent is entitled to dismissal on this ground.

Title 28 U.S.C. § 2254(b) provides that, "[a]n application for writ of habeas corpus...shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." Therefore, Petitioner's federal remedy of a writ of habeas corpus under § 2254 can only be sought after he has exhausted all of his remedies in the courts of the State of South Carolina. Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973). Respondent represents in his motion, and Petitioner does not contest, that Petitioner currently has an appeal pending in the South



Carolina Supreme Court on which no decision has yet been rendered. No evidence has been presented to show an absence of available state process, and the undersigned does not find that the state process available is ineffective in protecting Petitioner's rights. Therefore, Petitioner has failed to exhaust his state court remedies, subjecting this case to dismissal.[4]

### Conclusion

Based on the foregoing, it is recommended that this federal Petition be **dismissed**, without prejudice, for failure of the Petitioner to exhaust his state court remedies. Braden, 410 U.S. at 490-491; 28 U.S.C. § 2254(b) and (c); cf. Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) [Exhaustion not satisfied if post-conviction petition is pending in state court].[5]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 23, 2014
Charleston, South Carolina

---

[4] Furthermore, if this federal petition were to be considered by this Court at this time, Petitioner would risk forfeiting consideration of any additional federal habeas claims arising out of any state proceedings that he may want to bring in the future because a subsequent federal habeas petition would be successive and could constitute an abuse of the writ. 28 U.S.C. § 2254(b); see also, Pub.L. No. 104-132, 110 Stat. 1214, § 104 (amending 28 U.S.C. § 2254), Rule 9(b); Rose v. Lundy, 455 U.S. 519, 520-521 (1982).

[5] With regard to Plaintiff's pending motion to amend, that motion is now **moot**.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

